UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Judith Tompson

   v.                                       Civil No. 17-cv-042-SM

Benjamin LeDuc

### AMENDED
### REPORT AND RECOMMENDATION

Pro se plaintiff, Judith Tompson, has filed a complaint (Doc. No. 1) and a self-styled "Notice of Appeal" (Doc. No. 1-1) from a state court decision. The pleadings are before this court for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

### Preliminary Review Standard

The magistrate judge conducts a preliminary review of complaints filed in forma pauperis. The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

The background facts relating to this case have been recited in a prior decision in a related case, see Tompson v. New Hampshire, No. 15-cv-293-JL (D.N.H. Apr. 14, 2016) (ECF No. 23, at 1-2), R&R approved, No. 15-cv-293-JL (D.N.H. May 10, 2016) (ECF No. 28).  Tompson resisted a deputy sheriff's efforts to serve civil process on her on a date in November 2011.  Id. On that date, Tompson drove away in her own car, and then nearly hit the sheriff's cruiser with her car.  Id.  An ensuing state prosecution of charges of resisting arrest and reckless conduct resulted in Tompson's conviction.  See id.  The defendant in this case is Assistant County Attorney Benjamin LeDuc, who prosecuted the state's case against Tompson in Rockingham County Superior Court.

The underlying state prosecution originally proceeded on misdemeanor charges.  Plaintiff alleges in the Complaint (Doc. No. 1) here that minutes before the February 2012 trial was scheduled to occur on those charges in the Tenth Circuit Court, District Division, in Salem, the prosecutor, Attorney Benjamin LeDuc, nol prossed the charges.  Plaintiff alleges that Attorney LeDuc threatened to have Tompson indicted on felony charges unless she pleaded guilty to the misdemeanors at that time.

Tompson was subsequently indicted, tried, and convicted of the felony reckless conduct charge and related misdemeanors in 2013.

Tompson has pursued post-conviction litigation in the state courts and in federal court relating to the underlying conviction. Tompson's post-conviction litigation in the state courts has been unsuccessful. See, e.g., State v. Tompson, No. 218-2012-cr-0258 (N.H. Super., Rockingham Cnty., Oct. 18, 2016) (denying motion for post-conviction relief) ("State Post-conviction Order"); see also State v. Tompson, No. 2016-0693 (N.H. Jan. 27, 2017) (declining to accept discretionary appeal of State Post-conviction Order). Tompson's petition for a writ of habeas corpus filed in federal district court, pursuant to 28 U.S.C. § 2254, remains pending. See Tompson v. New Hampshire, No. 15-cv-293-JL (D.N.H.) ("§ 2254 Petition").

In this case, Tompson asserts claims of violations of her Sixth and Fourteenth Amendment rights, arising from the prosecutor's decision to nol pros the misdemeanor charges and then to seek a felony indictment arising from the same incident. Plaintiff seeks damages on her claims against the defendant prosecutor in this case, which she has filed under 42 U.S.C. § 1983. Additionally, plaintiff has styled this action as an "appeal" of the New Hampshire Supreme Court's order declining to accept an appeal of the State Post-conviction Order. See Doc.

No. 1-1.[1]

## Discussion

### I. No Appellate Jurisdiction

Plaintiff characterizes this action as an "appeal" of the New Hampshire Supreme Court ("NHSC") decision to decline to accept an appeal of the State Post-conviction Order. This court is not an appellate court; its jurisdiction in general is original, and an "appeal" of the NHSC decision not to exercise its appellate jurisdiction over a Superior Court order is not properly filed in this court. See generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284-88 (2005) (discussing Rooker-Feldman doctrine). Cf. 28 U.S.C. § 1257.

### II. Heck Rule

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that,

---

[1] This is the second federal civil action for damages filed by plaintiff raising claims arising out of the underlying criminal proceeding. The first federal civil action for damages, Tompson v. Rockingham Cnty. Sheriff's Dep't, No. 15-cv-471-LM ("Tompson I"), named the Rockingham County Sheriff's Department as the defendant. Tompson I was dismissed in February 2016. See Tompson I, No. 15-cv-471-LM, 2016 WL 721486 (D.N.H. Feb. 3, 2016) (ECF No. 5), R&R approved, No. 15-cv-471-LM, 2016 WL 738213 (D.N.H. Feb. 22, 2016) (ECF No. 7). Tompson's appeal of the dismissal of Tompson I remains pending in the First Circuit at this time. See Tompson v. Rockingham Cnty. Sheriff's Dep't, No. 16-1324 (1st Cir., appeal docketed Mar. 31, 2016).

>  in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Id. at 486-87 (footnote omitted). The Heck rule requires courts to dismiss § 1983 claims if a favorable judgment would necessarily imply the invalidity of that prisoner's conviction or sentence. Id. at 487.

Here, plaintiff has alleged that prosecutorial misconduct, violating her right to a speedy trial, resulted in her conviction and damaged her reputation. She seeks damages for emotional distress, defamation of character, and additional compensation for the consequences of her trial and conviction, as well as punitive damages.

Plaintiff's claims of prosecutorial misconduct and violations of her speedy trial rights, if proven, would necessarily invalidate her underlying state court conviction. That conviction has not previously been declared invalid or called into question by the issuance of a writ of habeas corpus. Accordingly, Heck bars plaintiff from proceeding on her federal constitutional claims, and for that reason, the district judge should dismiss this action.

### III. Prosecutorial Immunity

Prosecutors are entitled to absolute immunity from claims arising out of their "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); accord Belcher v. Paine, 136 N.H. 137, 148, 612 A.2d 1318, 1325-26 (1992)). Plaintiff alleges violations of her rights, based on Attorney LeDuc's discretionary decisions to bring felony charges against Tompson, as well as Attorney LeDuc's plea negotiations relating to pending misdemeanor charges. All of these acts fall squarely within the scope of prosecutorial functions conducted during "the judicial phase of the criminal process," and thus, Attorney LeDuc is absolutely immune from civil liability for those acts. Accordingly, the district judge should dismiss all of the claims asserted against Attorney LeDuc.

### Conclusion

For the foregoing reasons, the district judge should dismiss this case in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to

6

appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 16, 2017

cc: Judith Tompson, pro se